**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VENISHA OLIVER, aka VANESHIA OLIVER | Case No.: 2:26-cv-00509-APG-DJA |
| Petitioner, | **Scheduling Order** |
| v. | |
| WILLIAM REUBART, *et al.,* | |
| Respondents. | |

In this habeas corpus action, in an order entered on April 6, 2026, I appointed counsel for the petitioner, Venisha Oliver. ECF No. 7. The Federal Public Defender for the District of Nevada appeared on Oliver's behalf on May 6, 2026. ECF No. 12. Respondents have also appeared. ECF Nos. 10, 11. I therefore order that the following schedule will govern further proceedings in this action:

If necessary, the petitioner must file an amended petition for writ of habeas corpus on or before August 21, 2026. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If the petitioner determines that an amended petition need not be filed, then, no later than August 21, 2026, the petitioner must file a notice to that effect.

The respondents will have 60 days following the filing of the amended petition to file an answer or other response to the amended petition. If the petitioner does not file an amended

petition, the respondents will have 60 days following the due date for the amended petition to file an answer or other response to the original petition.

The petitioner will have 45 days following the filing of an answer to file a reply. The respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

If the respondents file a motion to dismiss, the petitioner will have 60 days following the filing of the motion to file a response to the motion. The respondents will thereafter have 30 days following the filing of the response to file a reply.

If the petitioner wishes to move for leave to conduct discovery, the petitioner must file such motion concurrently with, but separate from, the response to a motion to dismiss or the reply to an answer. Any motion for leave to conduct discovery filed by the petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The respondents must file a response to any such motion concurrently with, but separate from, their reply in support of a motion to dismiss or their response to a reply. Thereafter, the petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

If the petitioner wishes to request an evidentiary hearing, the petitioner must file such motion concurrently with, but separate from, the response to a motion to dismiss or the reply to an answer. Any motion for an evidentiary hearing filed by the petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If the petitioner files a motion for an evidentiary hearing, the respondents must file a response to

that motion concurrently with, but separate from, their reply in support of a motion to dismiss or their response to a reply. Thereafter, the petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED: May 7, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3